Tracy **MATTHEWS**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–71320.

Agency No. A79–810–375.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.*

Decided March 14, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Petitioner's pending

motion for reconsideration of submission without oral argument, filed March 7, 2006, is denied as moot.

Timothy M. Greene, Greene & Lloyd, PLLC, Puyallup, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Immigration and Naturalization Service, Office of the District Counsel, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

Petitioner Tracy Matthews is a native and citizen of the United Kingdom. She entered the United States as a nonimmigrant J–1 exchange visitor on May 20, 1992. Although she was authorized to visit through November 29, 1992, Matthews remained in the country until June 5, 2002, when she was served with notice to appear before the Immigration and Naturalization Service.

At a December 5, 2002 hearing before an immigration judge ("IJ"), Matthews conceded removability but argued that she was eligible for cancellation of removal under Section 240A(b) of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1229b(b)(1). Specifically, Matthews explained that she was involved in a "same-sex meretricious relationship" with a U.S. citizen and contended that "removal would result in exceptional and extremely unusual hardship" to her same-sex partner. Citing "the current state of the law," the IJ held that Matthews was not entitled to consideration for cancellation of removal because her same-sex partner did not meet the INA's definition of "spouse." The BIA affirmed in a summary disposition.

On appeal, Matthews asks this court to invalidate the INA's definition of "spouse" because the failure of federal law to recognize same-sex relationships violates principles of substantive due process and equal protection. The Government argues that this appeal is foreclosed by *Adams v. Howerton*, 673 F.2d 1036 (9th Cir.1982), in which we upheld under rational basis review the INA's definition of "spouse" as interpreted to exclude same-sex marriages.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We decline to reach the merits of Matthews's claims and hold that she does not have standing to raise them because she is not party to a "legal union" of any kind. INA § 240A provides that an alien may be granted cancellation of removal if she has a "spouse ... who is a citizen of the United States" and such spouse may suffer hardship as a result of removal. 8 U.S.C. § 1229b(b)(1)(D). Although the INA contains a partial definition of "spouse," *see* 8 U.S.C. § 1101(a)(35), the Defense of Marriage Act ("DOMA"), Pub.L. No. 104–199, 110 Stat. 2419 (1996), introduced a complete and exclusive definition that controls the interpretation of "any Act of Congress." *See* 1 U.S.C. § 7. Importantly here, DOMA defines "spouse," in part, as one party to a "legal union." *Id.*

Matthews concedes that she cannot show the existence of a "legal union" as defined under DOMA, and her claim to eligibility for cancellation of removal fails on that basis. *See Connell v. Francisco*, 127 Wash.2d 339, 346, 898 P.2d 831, 834 (1995) (defining "meretricious relationship" as "a stable, marital-like relationship where both parties cohabit *with knowledge that a lawful marriage between them does not exist*" (emphasis added)). She therefore has no occasion to challenge federal law's exclusion of legal unions between members of the same sex. *See, e.g., Smelt v. County of Orange*, 374 F.Supp.2d 861, 871 (C.D.Cal.2005) (holding that the plaintiffs had standing to challenge DOMA's definition of "spouse" because they were registered domestic partners in California).

We emphasize that Matthews does not challenge Washington's marriage laws, nor does she challenge the requirement—under DOMA as applied to the INA—that

eligibility for cancellation of removal requires a "legal union." She has therefore raised no claim for which she has standing.

PETITION DENIED.